**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ALBERTO TORRES DIAZ,

        Petitioner,

  v.

TODD BLANCHE, Acting Attorney
General,

        Respondent.

No. 25-639

Agency No.
A240-083-885

MEMORANDUM*

JOSE ALBERTO TORRES DIAZ,

        Petitioner,

  v.

TODD BLANCHE, Acting Attorney
General,

        Respondent.

No. 25-2519

Agency No.
A240-083-885

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 23, 2026
Pasadena, California

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: FRIEDLAND, FORREST, AND DESAI, Circuit Judges.

Petitioner Jose Alberto Torres Diaz petitions for review of the summary dismissal of his appeal by the Board of Immigration Appeals' ("BIA" or "Board") and the BIA's subsequent denial of his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for abuse of discretion the BIA's summary dismissal of an appeal. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). The same standard applies to the BIA's denial of a motion to reconsider. *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended sub nom. Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005). "We must uphold the Board's ruling unless it acted arbitrarily, irrationally, or contrary to law." *Id.* (citation modified).

1. Petitioner argues that the BIA erred by summarily dismissing his appeal because his Notice of Appeal was sufficiently specific to put the BIA on notice of his reasons for appeal, even though he did not submit a separate brief after indicating he would. "The BIA employs a strict specificity requirement when evaluating the notice of reasons for appeal." *Casas Chavez v. INS*, 300 F.3d 1088, 1090 (9th Cir. 2002). "A noncitizen must 'provide meaningful guidance to the BIA' by informing it of the issues contested on appeal; a 'generalized and conclusory statement about the proceedings before the IJ' does not suffice." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021) (quoting *Toquero*

*v. INS*, 956 F.2d 193, 195 (9th Cir. 1992)).

Here, Petitioner's Notice of Appeal offered only a "meager description of the grounds for appeal." *Singh v. Ashcroft*, 361 F.3d 1152, 1155 n.2 (9th Cir. 2004). Petitioner's cursory arguments "left [the BIA] guessing at how and why petitioner thought the [Immigration Judge ("IJ")] erred." *Nolasco-Amaya*, 14 F.4th at 1012 (quoting *Casas Chavez*, 300 F.3d at 1090); *see also Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820-21 (9th Cir. 2003) (holding that petitioner failed to meet the specificity requirement because he "did not provide 'supporting authority' on any question of law presented" so "[t]he BIA [was] left to reconstruct the IJ proceedings, infer factual error without knowledge of what precise error is complained of, and build the legal analysis from only general statements of legal conclusion."). Indeed, before our court, Petitioner took the position that some of the wording in the Notice of Appeal described issues he was not actually trying to appeal. The BIA accordingly did not abuse its discretion when it summarily dismissed Petitioner's appeal.

2. Petitioner also argues that the BIA abused its discretion by denying his motion to reconsider. A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Iturribarria v. INS*, 321 F.3d 889, 896 (9th Cir. 2003) (quoting *Matter of Cerna*, 20 I. & N. Dec.

399, 402 n.2 (BIA 1991)). Because the sole basis of Petitioner's motion to reconsider was that the BIA made a legal error in summarily denying his appeal, and we conclude that was not error, the BIA did not abuse its discretion by denying the motion to reconsider.

Petition **DENIED**.[1]

---

[1] The temporary administrative stay of removal is lifted, and the motion to stay removal, Dkt. No. 5, is denied.